```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JEROME ALLEN,

                         Plaintiff,              07-CV-6315


             v.                                  **DECISION**
                                                 **and ORDER**
WACHOVIA DEALER FEE,

                         Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Jerome Allen ("plaintiff" and/or "Allen"), brings this *pro se* action pursuant to the Fair Debt Collection Practices Act ("FDCPA", codified at 15 U.S.C. §1692 et seq. against defendant Wachovia Dealer Fee ("defendant" and/or "Wachovia"), claiming that the defendant attempted to withdraw money without plaintiff's consent or authorization from his bank account to pay a debt owed by his brother. Defendant now moves to dismiss plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that plaintiff has failed to state a cause of action upon which relief can be granted against defendant. Defendant contends that plaintiff's cause of action based on the FDCPA cannot be maintained as a matter of law because Wachovia is not a "debt collector" within the meaning of the Act and thus cannot be held liable for any alleged violations. Plaintiff has also moved for summary judgment arguing that it is undisputed that defendant went into plaintiff's bank account three times to collect an unauthorized debt, causing plaintiff to be charged overdraft

fees. Accordingly, plaintiff claims he has been caused undue stress and the Court must grant summary judgment.

For the reasons set forth below, I grant defendant's motion to dismiss, and deny plaintiff's motion for summary judgment as moot.

## BACKGROUND

The allegations of the Amended Complaint, taken as true for the purpose of these motions, allege the following. Wachovia had a contractual agreement with the plaintiff's brother, Anthony Allen ("Anthony") for money loaned for the purchase of a car. It appears that Anthony initially made payments to Wachovia under the agreement. However, Anthony became delinquent in his obligations to make payments to Wachovia. Accordingly, plaintiff consented to make a single payment on one of the monthly installments to pay the vehicle on behalf of his brother to Wachovia.[1] Plaintiff however, did not enter into any contract with Wachovia nor did he authorize Wachovia to obtain monthly payments from his account. Further, plaintiff claims that some time after the onetime payment, his brother Anthony once again became delinquent in his obligations to make payments to Wachovia. In this regard, plaintiff alleges that Wachovia, without consent or authorization from plaintiff, withdrew money from his account. The plaintiff complained to his bank who then contacted Wachovia who thereafter returned the money to

---

[1]The money was transferred from plaintiff's bank account to Wachovia without incident. While defendant makes it a point to mention that plaintiff had not even mentioned the name of his own bank in his Amended Complaint, plaintiff's summary judgment motion indicates that his bank was M&T. However, it is unnecessary, for the purpose of these motions, to even discuss whether plaintiff has met the pleading requirement of Rule 8.

plaintiff's bank account. In addition, plaintiff claims Wachovia attempted to withdraw money from his bank account on two more occasions without his authorization. The amount of the attempted withdrawal totaled $960.00. Plaintiff claims that since he did not have sufficient funds in his account to cover the withdrawals, he incurred fees from his bank, which resulted in $145.00 in bounced check fees or overdraft fees. According to the plaintiff, he has suffered emotional and financial damages as a result of the defendant's actions.

## DISCUSSION

### I. Standard for Deciding a Rule 12(b)(6) Motion to Dismiss

A complaint generally need only contain a "short and plain statement of the claim showing that the Plaintiff is entitled to relief" to satisfy federal notice pleading requirements. See Fed.R.Civ.P. 8(a); Gregory v. Daly, 243 F.3d 687, 692 (2d Cir.2001). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A court's belief or disbelief in a complaint's factual allegations or its belief that a "recovery is very remote and unlikely" does not factor into a decision under Rule 12(b)(6). See id. Furthermore, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (citation omitted). Therefore, the Court must

read plaintiff's Amended Complaint liberally. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (as plaintiff is proceeding *pro se*, the Court must read his pleadings liberally to state the strongest claims they suggest).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). In considering a Rule 12(b)(6) motion to dismiss, the Court "'must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.'" See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir.2008) (quoting Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir.2007)). However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations." See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.2007) (citation omitted). The court is also not required to credit conclusory statements unsupported by factual allegations. See Otor, S.A. v. Credit Lyonnais, S.A., 2006 WL 2613775, at *2 (S.D.N.Y.2006).[2]

---

[2] In addition to the factual allegations in the complaint, the Court may also consider "'any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference,'" as well as any document not attached or incorporated by reference if "the complaint 'relies heavily upon its terms and effect,' [rendering] the document 'integral' to the complaint." See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002) (internal citations omitted) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995)). "The court need not accept as true an allegation that is contradicted by documents on which the complaint relies." See In re Bristol-Myers Squibb Sec. Litig., 312 F.Supp.2d 549, 555 (S.D.N.Y.2004); see also

## II. **Defendant is not a Debt Collector as defined by the FDCPA**

The FDCPA prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Accordingly, "[a]s a general matter, creditors are not subject to the FDCPA."[3] See Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir.1998); see 15 U.S.C. § 1692a(6)(F) (excluding from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was originated by such person"); Schmitt v. FMA Alliance, 398 F.3d 995, 998 (8th Cir.2005) (holding that the FDCPA "does not regulate creditors' activities at all" (quoting Randolph v. I.M.B.S., Inc., 368 F.3d 726, 729 (7th Cir.2004))). Thus, by its terms, the FDCPA limits its reach to those collecting the dues "of another" and does not restrict the activities of creditors seeking to collect their own debts. See Maguire, 147 F.3d at 235; Carlson

---

Rapoport v. Asia Elecs. Holding Co., 88 F.Supp.2d 179, 184 (S.D.N.Y.2000) ("If these documents contradict the allegations of the amended complaint, the documents control.")

[3] A "creditor" is defined in the FDCPA as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a.

v. Long Island Jewish Med. Ctr., 378 F.Supp.2d 128, 131 (E.D.N.Y.2005); Ramos v. Bobell Co., 2003 WL 22725349 *2 (S.D.N.Y.2003); Harrison v. NBD Inc., 968 F.Supp. 837, 841 (E.D.N.Y.1997).

The reason for restricting the reach of the FDCPA to exempt creditors was the recognition, by Congress, that the activities of creditors seeking to collect their own debts are restrained by the creditors' desire to retain their good will with consumers. Those collecting debts due to another were thought to be not similarly restrained and therefore more likely to engage in the type of unscrupulous activities the act seeks to prevent. See Mazzei v. Money Store, 349 F.Supp.2d 651, 657 (S.D.N.Y.2004); Harrison, 968 F.Supp. at 841 (discussing legislative intent behind FDCPA).[4]

Here, even accepting as true every allegation in the Amended Complaint, plaintiff's cause of action alleging that Wachovia violated the FDCPA fails to state a claim since Wachovia is not a debt collector as defined by the FDCPA. Plaintiff does not allege that Wachovia was attempting to collect on a debt other than its own debt. In addition, there is no allegation that Wachovia's principal business is the collection of debts. Indeed, plaintiff has acknowledged in his Amended Complaint that "Wachovia had a contractual agreement with Anthony Allen, the plaintiff's brother,

---

[4] The FDCPA applies to debt collectors and not "creditors" because debt collectors, unlike creditors, are not constrained in their actions by the risk that a negative reputation regarding debt collection practices might threaten their continued access to new borrowers. See Id. (citation omitted).

for money loaned to him for the financing of a car they sold him." See Amended Complaint. There is no question that any activity undertaken by the defendant was on its own account. As such, it is not a debt collector under the FDCPA. 15 U.S.C. § 1692e; see Maguire, 147 F.3d at 235. The court grants the motion of Wachovia to dismiss the Amended Complaint on the ground that it is not a proper FDCPA defendant. It is undisputed that Wachovia was collecting its own debt and not the debt "of another," and therefore it is not a proper defendant under the FDCPA. Accordingly, Wachovia's motion to dismiss is granted on the ground that it is not a debt collector within the meaning of the FDCPA.

As stated *supra*, since defendant's motion to dismiss has been granted, the Court need not consider plaintiff's motion for summary judgment, which is now rendered moot.

## CONCLUSION

For the reasons set forth above, Wachovia's motion to dismiss is granted and plaintiff's motion for summary judgment is denied as moot. Plaintiff's Amended Complaint is dismissed.

**ALL OF THE ABOVE IS SO ORDERED.**

<pre>
                              s/Michael A. Telesca
                              MICHAEL A. TELESCA
                           United States District Judge
</pre>

Dated: Rochester, New York
       July 15, 2009